IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00169-WJM-MJW

ROY ALBERT KAHN,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

## RECOMMENDATION FOR DISMISSAL

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to United States Magistrate Judge issued by District Judge William J. Martinez on March 26, 2012 (Docket No. 11).

During a status conference on July 17, 2012, at which time plaintiff was incarcerated and appeared by phone, this court set a further status conference for September 18, 2012, at 1:30 p.m. Courtroom Minutes/Minute Order (Docket No. 30) were issued following that proceeding. A copy of such Courtroom Minutes/Minute Order was mailed to the plaintiff at his address of record and was not returned as undeliverable by the U.S. Postal Service.

On September 10, 2012, plaintiff filed a motion (Docket No. 42) requesting permission to appear at the September 18, 2012 status conference by phone. Plaintiff informed the court that he was no longer in custody and was currently serving a three

2

year term of supervised release in the Southern District of Florida. On September 11, 2012, the court entered an Order (Docket No. 44) denying plaintiff's motion. Plaintiff failed to appear as directed for the September 18, 2012 status conference. Defense counsel appeared as directed.

Accordingly, that same day, the court issued an Order to Show Cause (Docket No. 47) directing plaintiff to appear in person on October 18, 2012 at 11:00 a.m. and show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) and D.C.COLO.LCivR 41.1.

At the appointed time for the Show Cause hearing plaintiff did not appear. Further, plaintiff did not appear by the time the court went on the record at 11:15 a.m. In addition, plaintiff did not contact this court's chambers nor did he make any filings with the court. Accordingly, the court stated that it would issue a recommendation that the case be dismissed for failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Furthermore, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . . or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following

3

sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) **dismissing the action or proceeding in whole or in part**;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added).

In addition, Local Rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order.  If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

In this matter, plaintiff has failed to comply with this Court's Show Cause Order and has not prosecuted the action.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that this action be dismissed pursuant to Fed. R. Civ. P. 41(b) and Local Rule 41.1 for failure to prosecute.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve**

4

**and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  <u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:  October 18, 2012　　　　　　　　　s/ Michael J. Watanabe
　　　　　Denver, Colorado　　　　　　　　　　Michael J. Watanabe
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge